```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA EX. REL. J.
MICHAEL MASTEJ,

                Plaintiffs,

vs.                              Case No. 2:11-cv-89-FtM-29DNF

HEALTH MANAGEMENT ASSOCIATES, INC.
AND NAPLES HMA, LLC,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Relator's Motion for Reconsideration and/or Motion for Limited Discovery Related to False Claims (Doc. #80) filed on March 9, 2012. Defendants, Health Management Associates, Inc. and Naples HMA LLC (collectively, defendants) filed an opposition on March 22, 2012. (Doc. #83.) For the reasons set forth below, the motion is denied.

**I.**

This matter is a *qui tam* action brought by Mastej asserting violations of the False Claims Act, 31 U.S.C. 3729 *et.* seq. through violations of the Stark Law and the Anti-Kickback Statute. The Court set forth the factual background of this matter in its February 16, 2012, Order and will not repeat it here. (Doc. #78, pp. 5-9.) On February 16, 2012, this Court issued an Order granting the defendants' Joint Motion to Dismiss the Second Amended Complaint for failure to meet the standards set forth in Fed. R.

Civ. P. 9(b). The Court further found that the Second Amended Complaint lacked an "indicia of reliability" to excuse this failure. (Doc. #78). The Court granted relator leave to amend and Mastej filed a Third Amended Complaint on March 8, 2012.[1] (Doc. #79.) The following day, relator filed the subject motion seeking reconsideration of this Court's February 16, 2012, Opinion and Order and the Magistrate Judge's December 2, 2011, Order denying relator's motion to compel and granting defendants' motion to stay claims-related discovery. Alternatively, relator seeks the opportunity to conduct limited discovery to assist him in properly asserting his claims.

**II.**

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F.Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F.Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to

---

[1] Defendants filed a Joint Motion to Dismiss the Third Amended Complaint (Doc. #84) which is pending before the Court.

demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F.Supp. at 1073; PaineWebber, 902 F.Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F.Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

**III.**

**A.  The Court's February 16, 2012 Order**

Relator first asserts that because the defendants were not in compliance with the Anti-Kickback Statute and Stark Law, all claims submitted to the government were false.  Therefore, relator need only plead that the defendants submitted claims to Medicare or Medicaid to meet Rule 9's pleading requirements.  This argument was already considered and rejected by the Court.  It is therefore inappropriate to re-raise this argument absent any intervening change in controlling law, new evidence, or clear error.  None of these have been shown.

Second, relator complains that the Court's finding that the Second Amended Complaint does not have an "indicia of reliability" to excuse his failure to meet the pleading requirements of Rule 9(b) was incorrect with respect to Scheme One.[2]  Relator contends that the Court's finding that he did not have an "indicia of reliability" to excuse his failure under Rule 9(b) was based on the fact that relator was not employed by HMA during the time false claims were submitted to the government.  Relator contends that although the first Hospital Cost Report was submitted in May 2008, after his employment with HMA, this document is simply a final accounting of what was paid throughout the previous year.

---

[2]Relator does not contest this finding with respect to Schemes Two and Three.

Therefore, false claims were submitted prior to the submission of the first Hospital Cost Report while he was employed with defendant as CEO. As a result, the Court should excuse relator's failure to meet Rule 9(b)'s pleading requirements with respect to his claims arising from Scheme One.

There is no basis for the Court to reconsider its finding. Relator makes no allegations that there has been an intervening change in law or the availability of new evidence. Further, he cannot demonstrate that the Court's determination was clear error. The Court's decision that relator's Second Amended Complaint lacked an indicia of reliability was based on relator's failure to allege that "he had any familiarity, through his various roles with the defendants and subsequent to his tenure with the defendants, with the billing practices of the defendants" or "that he had any specific knowledge through his various positions as to the actual submission of claims." (Doc. #78, p. 14.) The Court continued that "<u>even if</u> the Court were to infer that a CEO has personal knowledge of billing, the Court would still find that relator's Complaint lacks the requisite indicia of reliability." (<u>Id.</u>)(Emphasis added). The Court's conclusion was not based on the fact that relator was not employed as a CEO during the relevant time frame. The Court's consideration of Mastej's tenure as a CEO was an alternative basis for the Court's determination.

Nevertheless, relator acknowledges that he was not employed as a CEO when the first Annual Hospital Cost Report was submitted but contends that because he was employed when interim claims[3] were allegedly submitted to the government, his Complaint has an indicia of reliability.  Relator was CEO of the <u>Collier Boulevard</u> facility and not the <u>Pine Ridge</u> facility where these neurosurgeons worked.  Even assuming CEO's have personal familiarity of billing, the Court cannot impute knowledge of the billing practices of the Pine Ridge Facility to relator simply because he served as CEO of the Collier Boulevard facility.  Relator has failed to demonstrate the Court's finding was made on clear error and the request to reconsider the February 16, 2012, Opinion and Order is denied.

**B.   The Magistrate Judge's December 2, 2011, Order**

Alternatively, relator seeks reconsideration of the Magistrate Judge's December 2, 2011, Order denying his motion to compel and granting the defendant's motion for stay of claim-related discovery.  (Doc. #72.)  Fed. R. Civ. P. 72(a) requires that a party "serve and file objections" to a Magistrate Judge's non-dispositive Order "within 14 days after being served with a copy".  Relator failed to file any objections and the time to do so has long passed.  Furthermore, relator has provided no basis for reconsideration of the Magistrate's Order as he has made no attempt

---

[3]The Complaint does not specifically identify a single interim claim submitted by the neurosurgeons in Scheme One.

to assert that there has been an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.  The motion to reconsider the Magistrate Judge's Order is denied.

**C.    Alternative Motion for Limited Discovery**

As a last resort, relator requests that the Court permit him to engage in limited discovery.  Specifically, relator requests that the Court require defendants to "confirm via written interrogatories that Medicare and Medicaid claims were submitted between 2007 and 2010 for the following doctors and groups: Dr. Michael Lusk, Dr. John Dygas, Dr. Mark Gerber, Dr. Rick Bhasin, Dr. Gary Colon, Dr. Paul Dernbach, Neuroscience and Spine Associates, Dr. Aldo Bertta, Dr. William Figlesthaler, Dr. Morton Bertram, and Dr. Hanson."  (Doc. #80, p.8.)  Relator further requests that the Court require defendants to produce a spreadsheet of all Medicare and Medicaid claims submitted by the relevant doctors and groups between 2007 and 2010.[4]  Relator contends that he cannot plead his case with the required particularity without this information.

Rule 9(b)'s very purpose is to protect from discovery defendants facing inadequately pled fraud claims.  See Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985)("The particularity rule serves several purposes.  Its clear intent is to eliminate

---

[4]Relator asserts that the defendants previously agreed to provide him with this document but have since refused to provide the requested information.

fraud actions in which all the facts are learned through discovery after the complaint is filed.")(internal citations omitted).  The Court finds no basis to permit limited discovery in this matter.

Accordingly, it is now

**ORDERED:**

Relator's Motion for Reconsideration and/or Motion for Limited Discovery Related to False Claims (Doc. #80) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of July, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record