```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

UNITED STATES OF AMERICA EX. REL. J.
MICHAEL MASTEJ,

                Plaintiffs,

vs.                                        Case No. 2:11-cv-89-FtM-29DNF

HEALTH MANAGEMENT ASSOCIATES, INC.
AND NAPLES HMA, LLC,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Relator's Motion for Relief from Judgement Pursuant to Rule 60(B) (Doc. #101) filed on April 16, 2013. Defendants filed a response in opposition on May 2, 2013. (Doc. #105.) For the reasons set forth below, the motion is denied.

This *qui tam* action was initiated before this Court on January 11, 2010. On March 19, 2013, the Court dismissed with prejudice relator's Third Amended Complaint for failure to meet the heightened pleading standards set forth in Fed. R. Civ. P. 9(b). (Doc. #92). The Court had previously dismissed the relator's Second Amended Complaint for the same reason. (Doc. #78.) Relator seeks relief from judgment because he asserts that the Court incorrectly found that : (1) relator failed to plead with particularity the claims presented for payment in the interim reports; (2) relator failed to identify the fraudulent

representations in the hospital cost reports, and (3) relator's allegations lacked an "indicia of reliability." Relator further seeks to amend his complaint for a fifth time to include additional allegations which purport to bolster relator's "indicia of reliability."[1]

Because relator filed his motion within the twenty-eight day time limitation, the Court will consider relator's motion as brought pursuant to both Federal Rule of Civil Procedure 59 and 60(b). See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 - regardless of how the motion is styled by the movant - depending on the type of relief sought.").

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the

---

[1] Relator has also appealed the Court's finding. (Doc. #103.) The appeal remains pending before the Eleventh Circuit.

court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Similarly, Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under specific

circumstances such as: "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(1). Rule 60 also provides for a catchall provision that permits the Court to grant relief from a final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is "exceedingly rare" and "does not offer an unsuccessful litigant an opportunity 'to take a mulligan.'" Federal Rules Civil Handbook, Rule 60, Reason 6 (quoting Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007)). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration marks omitted).

Relator has not asserted any intervening change in controlling law that is applicable to this case. Further, to the extent that relator argues that there are "additional facts that explain the basis for his personal knowledge that false claims were actually submitted" including "his daily review of census reports that included the names of the patients, the names of their admitting physicians, and identification of the payor (i.e. Medicare, Medicaid, commercial insurance of self-pay)" (doc. #101, p. 21) which were not included in his Third Amended Complaint but which would support his "indicia of reliability", this cannot be said to be "new" evidence. Relator's arguments that this Court's holding

was incorrect merely restates arguments already heard and denied by this Court. Accordingly, the Court finds no basis for relief under either Rule 59(e) and Rule 60. Finally, the Court finds that leave to amend the Complaint is not warranted. Relator has already had four opportunities to adequately plead his claims. The request is denied.

**ORDERED**:

Relator's Motion for Relief from Judgement Pursuant to Rule 60(B) (Doc. #101) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of July, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
USCA