UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA EX.
REL. J. MICHAEL MASTEJ,

    Plaintiffs,

v.                                      Case No:   2:11-cv-89-FtM-29MRM

HEALTH MANAGEMENT ASSOCIATES
INC. and NAPLES HMA, LLC,

    Defendants.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on Relator J. Michael Mastej's Motion for Leave to File Fourth Amended Complaint (Doc. 127) filed on December 1, 2015. Defendants Health Management Association, Inc. and Naples HMA LLC filed an Opposition to Relator's Motion for Leave to File Fourth Amended Complaint (Doc. 131) on December 11, 2015. With leave of Court, Relator filed a Reply Brief to Defendants' Opposition to Relator's Motion for Leave to File Fourth Amended Complaint (Doc. 134) on December 21, 2015.

    **I.**    **Background**

As set forth in the Court's prior Order (Doc. 125), this case has a long procedural history. As stated in that Order, the parties are well-versed in the procedural history, and the Court will only summarize relevant portions of that history as it relates to the issue of filing another amended complaint. On March 19, 2013, the Honorable John E. Steele, United States District Judge, entered an Opinion and Order (Doc. 92) that dismissed the Third Amended Complaint (Doc. 79) with prejudice. Relator filed a Notice of Appeal (Doc. 103) on April 18, 2013. On

July 10, 2013, Judge Steele entered an Order (Doc. 106) that denied Relator's Motion for Relief from Judgment Pursuant to Rule 60(B). In that Order (Doc. 106), Judge Steele found "that leave to amend the Complaint is not warranted. Relator has already had four opportunities to adequately plead his claims." (Doc. 106 at 5). On October 30, 2014, the Eleventh Circuit Court of Appeals entered an Opinion (Doc. 109) that affirmed in part, reversed in part, and remanded in part the Order dismissing this case. On November 16, 2015, this Court entered an Order (Doc. 125) that, among other things, extended the deadline to add parties and amend pleadings. The Court cautioned Relator that even though it was extending the deadline to amend pleadings, it was mindful of Judge Steele's prior ruling that no further amendments were warranted. (*Id*. at 2).

Relator is requesting leave to file a Fourth Amended Complaint. He attached the proposed Fourth Amended Complaint to the motion. Relator contends that the proposed Fourth Amended Complaint contains three additions. Relator asserts that the first addition in paragraph 13 acknowledges a legislative change in the False Claims Act. Relator claims that the second change clarifies allegations in paragraphs 61 through 65 and provides indicia of reliability for Relator's allegations that fraudulent claims were actually submitted. Lastly, Relator contends that the third change adds paragraphs 74 through 77, which provide alternative grounds for the existence of illegal remuneration and improper financial relationships with neurosurgeons that occurred prior to October 2007.

Defendants oppose Relator being permitted to file a Fourth Amended Complaint. Defendants direct the Court to review Judge Steele's prior Order that found that "'leave to amend the Complaint is not warranted. Relator has already had four opportunities to adequately plead his claims.'" (*See* Doc. 131 at 1). Defendants also argue that this action was filed nearly

six years ago, and nearly ten years after the underlying events occurred. Defendants claim that Relator unduly delayed in requesting leave to amend the complaint again. Further, Defendants argue that Relator could have cured the deficiencies in the pleadings in one of the prior four complaints. Finally, Defendants argue that they would be unduly prejudiced if the Court permitted Relator to amend again and, further, these most recent amendments would be futile because Relator is barred by the statute of limitations.

**II.    Analysis**

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has held that the words "leave shall be freely given" must be heeded, so that a plaintiff may be afforded the opportunity to test his claims on the merits. *Id*. Consequently, the Court must find a justifiable reason to deny a request for leave to amend. *Id*. The Supreme Court provided some guidelines as to justifiable reasons to deny leave to amend such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id*.; *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004); *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182).

### A. Undue Delay

Defendants argue that this action was filed almost six years ago on January 11, 2010, and now it is four years after the original discovery deadline passed, and nearly a year after the Eleventh Circuit Court of Appeals issued its mandate on December 29, 2014. Moreover, Defendants assert that nearly nine or ten years have passed since the events at issue occurred. Defendants contend that the allegations in the proposed Fourth Amended Complaint were known to Relator for nearly ten years, yet he failed to include these allegations in any of his four prior complaints.

Relator argues that the delay in permitting him to amend will not prejudice Defendants nor cause undue delay because this case is not set for trial until November 1, 2016, and the discovery deadline is not until June 1, 2016. Relator also points out that he did file his motion prior to the deadline to amend pleadings of December 1, 2015.

Relator appears to argue that no delay occurred because the discovery deadline is in June 2016, and this case is not set for trial until November 2016. However, the issue is whether Relator unduly delayed in attempting to file another amended complaint. Although the mere passage of time, without more, is not a sufficient reason to deny leave to amend, undue delay may support such a denial. *Keh v. Americus & Sumter Cty. Hosp.*, 377 F. App'x 861, 866 (11th Cir. 2010).

Although Relator argued in his Memorandum of Law in Opposition to Defendants' Motion Regarding Limits on Scheduling Order (Doc. 121 at 3-4) that the deadline to amend pleadings should be extended because Defendants resisted providing Relator with the requested discovery, Relator failed to reassert that argument in his Motion for Leave to Amend. Further, he failed to indicate that he did not know of the proposed amended allegations, some of which

occurred in 2006 and 2007. Relator has failed to set forth any argument or case law to support why he delayed requesting leave to amend, especially with the passage of so much time since the inception of the case. The Court allowed Relator the opportunity to file a Reply that addressed the issues raised by Defendants, but Relator failed to more fully address the issue of undue delay or overcome the arguments presented by Defendants. Therefore, the Court finds that there is undue delay in the request for leave to amend. This finding alone warrants denial of the motion. However, the Court will address the alternative grounds argued *ad seriatim* below.

### B. Repeated Failure to Cure Deficiencies

Defendants argue that Relator has been given four opportunities to file a complaint that sufficiently pleads the claims at issue. Defendants assert that the Court need not permit Relator a fifth opportunity to set forth his claims. Relator does not address the issue of why he repeatedly failed to cure the deficiencies in his prior complaints.

The repeated failure to cure deficiencies by previous amendments is "an explicitly permitted reason for which the district court was entitled to deny [plaintiff's] motion to amend." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Relator has been permitted to amend the complaint three times to cure deficiencies. The District Court already found in July 2013 "that leave to amend the Complaint is not warranted. Relator has already had four opportunities to adequately plead his claims. The request [for leave to amend] is denied." (Doc. 106 at 5). Moreover, Relator has failed to set forth any arguments or case law supporting his request for leave to amend for a fourth time. The Court permitted Relator the opportunity to file a reply. (Doc. 133). However, Relator failed to address the issue of his repeated failures to cure deficiencies in the prior amended complaints. Thus, the Court finds that Relator has

repeatedly failed to cure deficiencies in his pleadings by his prior amendments and should be denied leave to amend again for a fourth time.

### C. Prejudice to Defendants

Defendants argue that they have incurred significant expense in moving to dismiss the prior complaints and that allowing another complaint would increase the costs further. Defendants further argue that discovery is mainly complete, but if another amended complaint is permitted, then additional discovery would need to occur and the costs to Defendants would continue to rise. Relator fails to address the issue of prejudice other than to state that Defendants would not be prejudiced because the trial is not set until November 2016 and the discovery deadline is not until June 1, 2016.

Inherent in the Court's prior finding of undue delay and repeated failure to cure deficiencies in the complaints is also a finding of prejudice to Defendants. Defendants have been litigating this case for almost six years, and have been faced with multiple complaints already. Without any justification by Relator as to the undue delay or his repeated failure to allege his claims properly, the Court finds that Defendants have been prejudiced by both the undue delay and the repeated filing of complaints. Further, the District Court already found that leave to amend was not warranted. Relator failed to present any arguments requesting that the Court reconsider this prior ruling. Consequently, the Court finds that Defendants would be prejudiced if the Court were to permit Relator to file a Fourth Amended Complaint.

### D. Futility of Proposed Amended Complaint

Defendants argue that the proposed amendment would be futile because the additional allegations are barred by the statute of limitations. Defendants argue that claims under the False

Claims Act are subject to a six-year limitations period, citing 31 U.S.C. § 3731(b)(1). Defendants argue that paragraphs 74 through 77 in the proposed Fourth Amended Complaint allege events that occurred in January and February 2007, almost nine years ago. Defendants argue that these new allegations do not relate back to the original complaint. Relator's Reply Brief (Doc. 134) addresses the issue of the claims being barred by the statute of limitations. Relator argues that the proposed amendments relate back to the original pleading and originate from the same transaction or occurrence.

When a party requests leave to amend a pleading and the amendment is filed outside of the statute of limitations, then it is timely only where (1) the original pleading was timely and (2) the amended pleading relates back to the date on which the original pleading was filed. *Walker v. Fulton Cty. Sch. Dist.*, No. 15-10013, 2015 WL 4757811, at *2 (11th Cir. Aug. 13, 2015) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010)). An amendment can only relate back to the date of the filing of the original complaint if the claim "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original complaint." *Id*. (quoting Fed. R. Civ. P. 15(c)(1)(B)). One critical element that a court must consider in determining if a claim relates back to the original complaint is whether the original complaint gave defendant notice of the claim asserted in the proposed amended complaint. *Id*.

Relator does not contest that claims under the False Claims Act are subject to a six-year statute of limitations. *See* 31 U.S.C. § 3171. Paragraphs 74 through 77 allege that misconduct by Defendants occurred in January and February 2007. January and February 2007 are more than six years ago and, thus, are outside the six-year limitations period. Therefore, Relator must show that these allegations relate back to the same transaction or occurrence as alleged or attempted to be alleged in the original Complaint (Doc. 1).

Relator alleged in the proposed Fourth Amended Complaint in paragraphs 74 through 77 that Defendants' misconduct involved paying certain doctors for on-call services that they could not have provided.  (Doc. 127-1).   Relator claims that these services could not have been provided at the Collier Boulevard hospital because it did not open until February 5, 2007.  Relator also claims that these services could not have been provided at the Pine Ridge location or the Collier Boulevard location because Defendants' Neurosurgery Call Schedule did not list any neurosurgeon as being on call for these hospitals in January or February 2007.   Further, Relator alleges in the proposed Fourth Amended Complaint that these doctors either did not have privileges at these locations or lacked appropriate clinical privileges in January and February of 2007 such that they could not provide neurosurgery on an on-call coverage basis.   Nonetheless, Relator asserts that Defendants paid these doctors for neurosurgery on-call coverage at these locations for January and February of 2007.   The Court must now determine if the allegations in paragraphs 74 through 77 of the proposed Fourth Amended Complaint relate back to the same transaction or occurrence as alleged or attempted to be alleged in the original Complaint (Doc. 1).

In the original Complaint (Doc. 1), Relator generally alleged that Defendants paid a certain group of neurosurgeons money for on-call coverage at the Collier Boulevard and the Pine Ridge locations.   (Doc. 1 at ¶¶ 32-34).   Relator alleges that these physicians did not perform trauma surgery or emergency surgery.   (Doc. 1 at ¶ 33).   The allegations in paragraphs 74-77 of the proposed Fourth Amended Complaint arise out of Defendants paying neurosurgeons on-call fees for work that they did not perform.   The allegations in paragraphs 74-77 arise out of the same transaction or occurrence as those alleged or attempted to be alleged in the original Complaint (Doc. 1).   Thus, these proposed allegations relate back to the original Complaint and

---

are not barred by the statute of limitations. Even though the Court finds that these allegations are not barred by the limitations period, the Court nevertheless finds that other sections of the proposed Fourth Amended Complaint are futile.

Defendants raise two further arguments as to futility: (1) some new allegations in the proposed Fourth Amended Complaint were expressly excluded from the case by the Eleventh Circuit Court of Appeals; and (2) Count IV was previously dismissed with prejudice, yet Relator included the dismissed conspiracy claim in the proposed Fourth Amended Complaint. Relator failed to assert any arguments or cite any law refuting Defendants' arguments.

Leave to amend is futile when the complaint as amended would be properly dismissed. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). In its prior Order, the Court cautioned Relator that when requesting leave to amend, Relator must stay within the confines of the Eleventh Circuit Court of Appeals' Opinion. (Doc. 125 at 3). Specifically, the Court of Appeals held:

> On Count I (the "presentment" violation), Mastej can proceed as to interim claims submitted to the government before October 2007 and as to the 2007 hospital cost report to that extent. On Count II (the "make-or-use" violation), Mastej can proceed as to interim claims that the government paid before October 2007 and as to the 2007 hospital cost report to that extent. While Count III (the "reverse-false-claim") violation) has different elements, see supra footnote 20, the Defendants challenged Count III on only the same grounds they challenged Count II. Accordingly, for purposes of the limited Rule 9(b) issue in this appeal, our Count II analysis applies equally to Count III.

(Doc. 109 at n. 23). Even though the Eleventh Circuit narrowed the time period for the claims, Relator included allegations concerning the Masters Golf Tournament that occurred in 2008. (Doc. 127-1 ¶ 80). The Court of Appeals limited Relator to claims prior to October 2007, yet Relator again included allegations concerning events that occurred after 2008. Relator fails to set forth any argument or cite to any case law to support an argument in opposition to

Defendants' claim that amending the complaint again would be futile. Any allegations concerning incidents outside of the time period allowed by the Eleventh Circuit would be futile. Thus, allowing Relator to file the proposed Fourth Amended Complaint containing these allegations is futile.

In addition, in the proposed Fourth Amended Complaint, Relator included Count IV asserting a claim for conspiracy to submit false claims. (*See* Doc. 127-1 ¶¶115-117). This same claim was asserted in the Third Amended Complaint in the "Fourth Cause of Action – Conspiring to Submit False Claims." (Doc. 79 at ¶¶108 – 110). The District Court dismissed Count IV with prejudice. (*See* Doc. 92 at 29). Relator did not appeal the dismissal with prejudice. The Court of Appeals specifically noted that Relator did not appeal the dismissal of Count IV, and consequently did not discuss Count IV any further. (Doc. 109 at n. 14). Again, Relator failed to raise any argument or cite to any case law to support an argument that re-asserting a claim that was previously dismissed with prejudice is not futile. Thus, it would be futile for Relator to raise this claim again.

### III. Conclusion

The Court determines that Relator unduly delayed in requesting leave to amend and repeatedly failed to cure deficiencies in the four prior Complaints. If the Court permitted Relator to file the proposed Fourth Amended Complaint, Defendants would be prejudiced. Lastly, Relator included allegations expressly outside of the time period set forth by the Court of Appeals, and included a claim that had been previously dismissed with prejudice. Accordingly, the Court recommends that Relator not be permitted to file the proposed Fourth Amended Complaint.

**THEREFORE, IT IS RESPECTFULLY RECOMMENDED:**

The Motion for Leave to File Fourth Amended Complaint (Doc. 127) be **DENIED**.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 30, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties