```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

USA and J. MICHAEL MASTEJ,
ex rel.,

        Plaintiffs,

v.                                  Case No: 2:11-cv-89-FtM-29MRM

HEALTH MANAGEMENT ASSOCIATES
INC. and NAPLES HMA, LLC,

        Defendants.
_____
```

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #135), filed December 30, 2015, recommending that Relator J. Michael Mastej's Motion for Leave to File Fourth Amended Complaint (Doc. #127) be **DENIED**. No objections have been filed, and the time to do so has passed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or

modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection thereto. See Cooper-Hous. v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file, and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the Magistrate Judge with one modification. This Court does not read the Eleventh Circuit's Opinion (Doc. #109) as limiting Relator – as a matter of law – "to claims prior to October 2007" (Doc. #135, p. 9), such that allowing Relator to file a Fourth Amended Complaint containing allegations regarding events after that time "would be futile." (Id. p. 10.) Rather, the Circuit Court held that the Third Amended Complaint's allegations regarding interim claims submitted to or paid by the government after Relator ended his employment in October 2007 did not satisfy Rule 9(b)'s "particularity requirement" and thus did not state a claim for violations of the False Claims Act (FCA), 31 U.S.C. § 3729 et seq. (Doc. #109, pp. 38-39.) Accordingly, Relator was permitted to proceed only as to "2007 interim claims submitted to and paid by the government before [Relator] ended his employment in October 2007." (Id. p. 38.)

Nevertheless, the Court agrees that granting Relator leave to amend would be futile. None of the additions contained in Relator's proposed Fourth Amended Complaint (Doc. #127-1) remedy the Third Amended Complaint's (Doc. #79) failure to plead with the requisite particularity FCA violations occurring after Relator ended his employment in October 2007.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #135) is hereby **adopted** as modified and the findings incorporated herein.

2. Relator J. Michael Mastej's Motion for Leave to File Fourth Amended Complaint (Doc. #127) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of January, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
United States Magistrate Judge

Counsel of Record
Unrepresented parties